UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

TIMOTHY CURRY,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC.,         **DEMAND FOR JURY TRIAL**

    Defendant.
_____/

## COMPLAINT

Plaintiff, Timothy Curry ("Plaintiff"), by and through undersigned counsel, files this Complaint against I.Q. Data International, Inc. ("I.Q. Data") ("Defendant"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., and in support thereof states:

## JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for Plaintiff's FCCPA claims, which arise from the same case or controversy.

3. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Pinellas County, Florida, and a substantial portion of the

events giving rise to these claims including Defendant's credit reporting and collection activity occurred within this District.

## DEMAND FOR JURY TRIAL

4. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

5. Plaintiff, Timothy Curry, is a natural person residing in the State of Florida.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Fla. Stat. § 559.55(8).

7. Defendant I.Q. Data is a Washington corporation engaged in the business of collecting defaulted consumer debts. Its principal business address **is** 21222 30th Drive SE, C210, Bothell, Washington 98021-7012, and its registered agent for service of process in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

8. Defendant regularly collects or attempts to collect consumer debts using the mail and interstate commerce and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Defendant is also a debt collector as defined by Florida law under Fla. Stat. § 559.55(7).

## GENERAL ALLEGATIONS

9. This action concerns Defendant's attempts to collect a purported consumer debt allegedly owed by Plaintiff arising from a residential apartment account with Reflections Apartments (the "subject debt").

10. The alleged obligation arose from a transaction primarily for personal, family, or household purposes and therefore qualifies as a "consumer debt" within the meaning of the FDCPA.

11. Defendant began its collection efforts by credit reporting the subject debt to consumer reporting agencies, despite Plaintiff's prior payment of the account.

12. On September 17, 2025, Plaintiff contacted Defendant by telephone, disputed the debt, and advised that the obligation had been paid in full. Defendant acknowledged the communication yet failed to mark the debt as disputed or paid.

13. On September 19, 2025, Plaintiff again contacted Defendant to inquire whether the account had been updated to reflect his dispute. Defendant falsely stated that the account had not been marked disputed and then made a series of deceptive representations concerning its ability to delete the tradeline from Plaintiff's credit reports.

14. Specifically, Defendant represented that it had the ability to delete the tradeline retroactively back to May 2022, "as if it never came to their office," and claimed to possess a unique "deletion technique" available for Plaintiff if he paid the alleged balance despite this being impossible under the FCRA and contrary to industry practice.

15. Defendant further misrepresented that the deletion would remove all prior credit reporting entries and would eliminate any historical record of the tradeline, falsely suggesting a level of control over credit bureau data that it does not possess.

16. Defendant's statements were false, deceptive, and misleading, and were made in an effort to induce Plaintiff to pay a debt he did not owe, in violation of 15 U.S.C. § 1692e and § 1692e(10).

17. Despite Defendant's insistence that deletion was contingent upon payment, Defendant later deleted the tradeline without any payment, thereby contradicting its prior representations and further demonstrating the deceptive nature of its communications.

18. Defendant's continued reporting of the Reflections Apartments account without noting the dispute, coupled with its knowingly false statements regarding its deletion abilities, constituted the furnishing of false, misleading, and inaccurate information to consumer reporting agencies.

19. Defendant's conduct caused Plaintiff significant frustration, confusion, and emotional distress, as he was forced to repeatedly contact Defendant, investigate the accuracy of his credit reports, and attempt to correct erroneous information that Defendant knowingly created or perpetuated.

20. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered emotional distress, anxiety, mental anguish, aggravation, wasted time, loss of peace of mind, and an invasion of his privacy and seclusion.

## COUNT 1
## VIOLATION OF THE FDCPA 15 U.S.C. § 1692e
(Against I.Q. Data International, Inc.)

21. Plaintiff incorporates the allegations in paragraphs ¶¶1–20 of this Complaint as though fully set forth herein.

22. Under 15 U.S.C. § 1692e, a debt collector is prohibited from using any false, deceptive, or misleading representation in connection with the collection of any debt.

23. Defendant violated § 1692e by falsely representing to Plaintiff on September 19, 2025, that it possessed the ability to delete the subject tradeline entirely, retroactively "as far back as May 2022," and remove all history of the account from Plaintiff's credit reports.

24. Defendant further violated § 1692e by falsely stating that it had a proprietary "deletion technique" that would allow the account to be erased from Plaintiff's credit file if Plaintiff made a payment on the alleged debt.

25. These statements were materially false and misleading, as Defendant has no legal or technical authority to retroactively alter or erase historical credit reporting data, nor can it delete a tradeline back to a date preceding its involvement with the account.

26. Defendant additionally violated § 1692e by reporting and continuing to report the subject debt without any dispute notation, despite Plaintiff disputing the debt on September 17, 2025, and again on September 19, 2025.

27. Defendant continued furnishing of the account as an undisputed delinquent collection account created the false impression that Plaintiff agreed with the accuracy and validity of the debt when he did not.

28. Defendant's misrepresentations were made in connection with the collection of a debt and were intended to deceive Plaintiff into making a payment he did not owe.

29. Defendant's actions were willful, intentional, and undertaken with reckless disregard for Plaintiff's rights under the FDCPA.

30. As a direct and proximate result of Defendant's violations of § 1692e, Plaintiff suffered emotional distress, anxiety, confusion, frustration, wasted time, and damage to his credit reputation.

31. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Statutory damages under 15 U.S.C. § 1692k(a)(2)(A); (b) Actual damages under 15 U.S.C. § 1692k(a)(1); (c) Attorney's fees and costs under 15 U.S.C. § 1692k(a)(3); and (d) Any other relief the Court deems just and proper.

**COUNT 2**
**VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(8)**
(Against I.Q. Data International, Inc.)

32. Plaintiff incorporates the allegations in paragraphs ¶¶1–31 of this Complaint as though fully set forth herein.

33. Under 15 U.S.C. § 1692e(8), a debt collector must communicate that a debt is disputed when furnishing information regarding that debt to any consumer reporting agency.

34. On September 17, 2025, Plaintiff notified Defendant that he disputed the alleged Reflections Apartments debt and further advised that the account had been paid in full.

35. On September 19, 2025, Plaintiff again advised Defendant that the debt was disputed when he contacted Defendant to inquire whether the account had been updated to reflect the dispute.

36. Despite receiving two separate disputes directly from Plaintiff, Defendant continued to furnish the subject tradeline to consumer reporting agencies without any dispute notation, causing the account to appear as an undisputed delinquent debt.

37. Defendant's failure to communicate Plaintiff's dispute constituted a material omission, as reporting a debt as "not disputed" falsely suggests the consumer agrees with the validity and accuracy of the alleged obligation.

38. Defendant further violated § 1692e(8) by continuing to update and furnish the tradeline without reflecting Plaintiff's dispute, even after acknowledging his communications and after misleadingly informing Plaintiff that it possessed the ability to delete the account.

39. The omission of the dispute notation created a materially misleading impression regarding Plaintiff's creditworthiness and the legitimacy of the alleged debt.

40. Defendant's conduct was willful, intentional, and undertaken with reckless disregard for Plaintiff's rights under federal law.

41. As a direct and proximate result of Defendant's violation of § 1692e(8), Plaintiff suffered emotional distress, frustration, confusion, wasted time, and damage to his credit reputation.

42. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Statutory damages under 15 U.S.C. § 1692k(a)(2)(A); (b) Actual damages under 15 U.S.C. § 1692k(a)(1); (c) Attorney's fees and costs under 15 U.S.C. § 1692k(a)(3); and (d) Any other relief the Court deems just and proper.

**COUNT 3**
**VIOLATION OF THE FDCPA 15 U.S.C. § 1692f**
(Against I.Q. Data International, Inc.)

43. Plaintiff incorporates the allegations in paragraphs ¶¶1–42 of this Complaint as though fully set forth herein.

44. Under 15 U.S.C. § 1692f, a debt collector is prohibited from using unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendant violated § 1692f by attempting to induce payment through materially false representations about its ability to delete the subject tradeline, including claims that it could erase the account retroactively "as far back as May 2022" through a special "deletion technique."

46. Defendant's statements falsely implied that Plaintiff needed to pay an already-paid debt in order to secure deletion, when Defendant had no authority, capability, or legal ability to perform the promised deletion in the manner represented.

47. Defendant further violated § 1692f by ultimately deleting the tradeline without payment, contradicting its own assertion that deletion was conditioned on Plaintiff paying the alleged debt. This inconsistency reflects the unfair and deceptive nature of Defendant's conduct.

48. Defendant also violated § 1692f by furnishing inaccurate and incomplete credit information and by continuing to report the debt without noting Plaintiff's dispute, despite being informed twice that the debt was disputed and paid.

49. Using false promises of credit repair, inconsistent reporting practices, and misleading statements regarding deletion authority constitutes unfair and unconscionable conduct prohibited by § 1692f.

50. Defendant's practices were intended to pressure Plaintiff into paying a debt he did not owe and were undertaken with reckless disregard for Plaintiff's rights under federal law.

51. As a direct and proximate result of Defendant's violations of § 1692f, Plaintiff suffered emotional distress, frustration, confusion, wasted time, aggravation, and harm to his credit reputation.

52. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Statutory damages under 15 U.S.C. § 1692k(a)(2)(A); (b) Actual damages under 15 U.S.C. § 1692k(a)(1); (c) Attorney's fees and costs under 15 U.S.C. § 1692k(a)(3); and (d) Any other relief the Court deems just and proper.

### COUNT 4
### VIOLATION OF THE FCCPA FLA. STAT. § 559.72(9)
(Against I.Q. Data International, Inc.)

53. Plaintiff incorporates the allegations in paragraphs ¶¶1–52 of this Complaint as though fully set forth herein.

54. Plaintiff is a "consumer" within the meaning of Fla. Stat. § 559.55(8), and the alleged Reflections Apartments account is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

55. Defendant is a "debt collector" within the meaning of Fla. Stat. § 559.55(7) because it regularly collects or attempts to collect debts owed or alleged to be owed to another.

56. Fla. Stat. § 559.72(9) prohibits a debt collector from claiming, attempting, or threatening to enforce a debt when the collector knows that the debt is not legitimate, or from asserting the existence of a legal right that does not exist.

57. On September 17, 2025, Plaintiff notified Defendant that the alleged Reflections Apartments debt had been paid in full and expressly disputed the obligation. Defendant acknowledged the dispute.

58. Despite knowing that the debt was disputed and paid, Defendant continued to report and furnish the account as an active, outstanding, and undisputed delinquent debt, thereby attempting to enforce a debt it knew was not legitimate.

59. Defendant further violated § 559.72(9) by falsely asserting that it possessed the legal authority and technical ability to retroactively delete the tradeline "as far back as May 2022" through a special "deletion technique," when no such right or ability exists under Florida law, federal law, or industry standards.

60. Defendant knowingly asserted rights it did not possess for the purpose of inducing Plaintiff to make a payment on an invalid and previously satisfied debt.

61. Defendant's continued reporting of the account without any dispute notation despite receiving two separate disputes constitutes an additional attempt to enforce a debt it knew was not legitimate and falsely represents the existence of a legal right to furnish such information without qualification.

62. Defendant's conduct was willful, intentional, and undertaken with actual knowledge that the alleged debt was not owed and that the asserted deletion abilities and collection rights did not exist.

63. As a direct and proximate result of Defendant's violations of § 559.72(9), Plaintiff suffered emotional distress, aggravation, frustration, confusion, wasted time, anxiety, and harm to his creditworthiness.

64. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Actual damages under Fla. Stat. § 559.77(2); (b) Statutory damages up to $1,000.00 under Fla. Stat. § 559.77(2); (c) Punitive damages as permitted under Florida law; (d) Attorney's

fees and costs under Fla. Stat. § 559.77(2); and (e) Any other relief the Court deems just and proper.

Dated: December 11, 2025

                                                   Respectfully submitted,

                                                   **CONSUMER RIGHTS LAW, PLLC**

                                                   */s/ Monique N. Reyes*
                                                   Monique N. Reyes, Esq.
                                                   Florida Bar No. 1026823
                                                   848 Brickell Avenue, PH5
                                                   Miami, FL 33131
                                                   Telephone: (786) 360-7697
                                                   Email: monique@consumerrights.law

                                                   *Counsel for Plaintiff Timothy Curry*